**BETH ISRAEL HOSPITAL, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**Civ. A. No. 82–102–C.**

United States District Court, D. Massachusetts.

Nov. 23, 1983.

---

**4**

Jeffrey L. Heidt, Choate, Hall & Stewart, Boston, Mass., for plaintiff.

Asst. U.S. Atty., Patti Saris, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

Plaintiffs have moved the Court to reconsider its decision of September 28, 1983, 572 F.Supp. 573, in light of the recent ruling by the Court of Appeals for the District of Columbia in *Saint Mary of Nazareth Hospital Center v. Schweiker,* 718 F.2d 459 (D.C.Cir.1983).

In its earlier decision this Court ruled that the Secretary's accounting mechanism for labor/delivery room days contained in § 2345 of the Provider Reimbursement Manual ("PRM") is a rational approach to a very complicated problem. Since women in the labor/delivery area at the midnight census hour are likely to receive routine services within the next twenty-four hours, this Court ruled it is not irrational to count those women as routine inpatients at the midnight census hour.

The Court of Appeals for the District of Columbia struck down § 2345, ruling essentially that the PRM provided a more accurate accounting procedure without § 2345. It noted that for patients other than labor/delivery room patients, PRM § 2205 requires the hospital to count the *first* day of a patient's admission to routine services as a day of routine care, even though the patient was not in the routine care area at midnight at the start of the day. The hospital counts subsequent days of routine care only if the patient is in a routine care area at midnight at the start of each subsequent day. If that procedure were applied to labor/delivery room patients, a woman admitted directly to the labor/delivery room area would be counted as a routine inpatient only if she were ultimately admitted to a routine care area. The Court of Appeals concluded that counting all women in the labor/delivery area at midnight as routine care inpatients serves only to include among routine inpatients women who will not ultimately receive routine services (somewhere between seven and thirty percent of pregnant woman admitted). That practice, the Court of Appeals concluded, is irrational.

I decline to follow the analysis of the Court of Appeals for the District of Columbia in *St. Mary's* to this case for two reasons. First, the hospitals in *St. Mary's* challenged § 2345 only as it applied to women who were admitted directly to the labor/delivery area, and the parties stipulated that the class of patients residing in the labor/delivery area at the census taking hour have received no routine care. 718 F.2d at 462 n. 6. The parties in this case have made no such stipulation, and here the hospital attacks § 2345 on its face, as it applies to all women in the labor/delivery area at midnight. If this Court were to

strike down § 2345, pregnant women admitted to routine care areas prior to delivery would be left out of the census entirely. For example, when a pregnant woman is admitted to a routine care area on Day 1 at 4 p.m., she is counted as a routine inpatient for Day 1. If she is transferred into the labor/delivery area at 11 p.m. that night, without § 2345 she would not be counted in the midnight census as a routine inpatient for the next day, Day 2. But neither would she be counted when she returns to the routine care area, because she was already admitted to that area on Day 1. She would never be counted as a routine inpatient for Day 2, though she is likely to receive routine services on Day 2. Section 2345, then, includes in the census at least one potential class of women in the labor/delivery area at midnight who would not otherwise be counted.

Second, though § 2345 is at best a system of rough averaging, it is not, as this Court's earlier decision stated, arbitrary or irrational, nor does it shift impermissibly the cost of treating Medicare patients to non-Medicare patients. The Secretary's rule is perhaps not the best solution to the problem, nor is it necessarily the solution this Court would choose, but that is not the test. *Thongsamouth v. Schweiker,* 711 F.2d 465, 469 (1st Cir.1983).

Accordingly, I rule that the motion to reconsider should be, and hereby is, denied.